Mr. Hamilton, *pro quer.*
Messrs. Duncan and Montgomery, *pro def.*

--------------------

PAUL GEMBERLING *against* CATHARINE MYER and JACOB SMITH, administrators of ISAAC MYER.

Act of limitation applies to a general *indebitatus assumpsit,* brought for moneys under a settlement by two administrators in the Orphans' Court.

THE declaration stated, that the intestate on the 7th June 17 69 was indebted to the plaintiff in 47*l.* 10*s* 8*d.* for money had and, received to his use of and from the estate of Tobias Ritter, as administrator thereof, and so being indebted, promised to pay, &c. (the request to the now administrators laid on the 1st June 1789.) Pleas, *non assumpsit* and payment, and *non assumpsit infra sex annos.*

The plaintiff and intestate were joint administrators of the estate of Ritter, and settled their administration account, which were passed in the Orphans' Court of Lancaster county ; and on the 7th June 1769, the Orphans' Court settled the sum due to the plaintiff from the intestate by their decree to be 47*l.* 10*s.* 8*d.*, for his advancements beyond what he had received, the chief of the moneys having been received by the intestate.  This decree was shown in

evidence, as the foundation of the present suit, which was brought to August term 1788, in the Common Pleas.

Mr. Montgomery for the defendants moved for a nonsuit, the request to the administrators to pay having been alleged in the declaration near one year after the action was commenced.

Mr. Hopkins for the plaintiff. This request is mere matter of form, and we could not have been called on to prove it. Bringing the suit was an actual demand. At any rate, if the defendants would take advantage of this technical slip, it should have been by special demurrer. It is admitted that the suit was instituted after a lapse of six years, and that the plaintiff can prove no new promise. But it is contended that this debt is founded on a record, or in the language of Cockram v. Welbye, (2 Show. 79. Bull. 168, reported, 1 Mod. 245. 2 Mod. 212,) has a strong relation to it. It was there held that the statute of limitations was not pleadable by a sheriff who received a debt nine years before, on a *fieri facias*, though the writ was not returned, because the demand rested on a record. The two cases appear to be analogous, and the plaintiff may obviate the limitation act on the evidence, by showing that it does not apply. The proper plea would have been *causa actionis non accrevit infra sex annos.* .

Mr. Montgomery in reply. If this was an excepted case out of the limitation act, the plaintiff should have demurred, as was done in 2 Show. 79. But he has replied matter of fact, which he is bound to prove. It would have been unsafe in him to have demurred, as this declaration is conceived, in general *indebitatus assumpsit,* (Vid. 1 Mod. 245. 2 Mod. 212,) grounded on a contract to which the act of limitation clearly applies. The action does not rest on a record, if the decree of the Orphans' Court is to be considered as such for the present purpose; the latter is brought as evidence of the demand.

Smith, J. The case of Cockram v. Welbye is not very intelligible. It appears to me that the act of limitation applies to the case before me, and that it forms none of the exceptions thereto. The act is founded on common justice and experience, receipts may be lost and witnesses will die; indeed slender proof of an acknowledgment of the demand will take a case out of the act; and in one instance, (2 Burr. 1099,) it has been determined, that such acknowledgment pending the suit, may be received in evidece. Here nineteen

years elapsed after the decree, before any suit was brought, and probably substantial justice will be done. But I consider the point as reserved.

Verdict for the defendants.

[*Yeates*, J. was formerly of counsel in the cause. A new trial was afterwards moved for on the 27th December, in bank, but the court refused to grant the rule to show cause.